# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 87 CR 354 - 1 | **DATE** | 4/2/2003 |
| **CASE TITLE** | Luis A. Perez vs. United States of America | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Luis A. Perez's motion for lack of jurisdiction [359-1] is dismissed for lack of jurisdiction. Luis A. Perez's September 1999 motion seeking discovery under Rule 6 of the Rules Governing Section 2255 Proceedings [353-1] is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | **Document Number** |
| | No notices required. | | APR 0 3 2003 | |
| | Notices mailed by judge's staff. | | date docketed | 366 |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| RO | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LUIS A. PEREZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 87 CR 354-1 |
| v. ) | |
| ) | Judge Ruben Castillo |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

DOCKETED
APR 0 3 2003

Petitioner Luis A. Perez moved to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 in June 1997. The district court denied the motion in May 1999, which Perez appealed and the Seventh Circuit also denied. Perez then filed a motion under Federal Rule of Civil Procedure 60 in this Court for reconsideration of the district court's ruling denying habeas corpus relief, raising a variety of grounds, including ineffective assistance of counsel, a conviction and sentence in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), newly discovered evidence and other issues previously raised in his initial § 2255 motion. Presently before the Court is Perez's November 2000 Rule 60 motion. (R. 359-1.) Because we construe this motion as a second or successive collateral attack, we must dismiss it for lack of jurisdiction.

### RELEVANT FACTS

Perez was convicted of possession of a controlled substance with intent to distribute, distributing a controlled substance, conspiracy to commit these offenses and firearms violations under 18 U.S.C. §§ 924(c)(1) and 922(g)(1). Perez's conviction and sentence were affirmed on appeal. *See United States v. Perez*, 870 F.2d 1222 (7th Cir. 1989). Perez filed his initial § 2255 motion seeking habeas corpus relief in March 1996. That filing was the opening salvo in

366

a long and extremely complex procedural history that was complicated, in part, by Perez's practice of simultaneously filing motions in the district court and the court of appeals, as well as the intervening passage of the Antiterrorism and Effective Death Penalty Act ("AEDPA") in April 1996. The district court appointed counsel for Perez in December 1996, and subsequently permitted counsel to file a supplemental § 2255 motion on Perez's behalf in June 1997. The district court denied Perez's § 2255 motion as well as his motion for reconsideration and request for a certificate of appealability in March 1999 and July 1999, respectively. In August 1999 Perez appealed to the Seventh Circuit. *See Perez v. United States*, No. 99-2774 (7th Cir. 1999). In September 1999 Perez returned to the district court to file a motion seeking discovery under Rule 6 of the Rules Governing Section 2255 Proceedings.

Meanwhile, Perez filed two additional appeals in the Seventh Circuit, each of which the court dismissed for lack of jurisdiction or as duplicative of his pending appeal. *See Perez v. United States*, No. 99-3091 (7th Cir. Nov. 9, 1999) (dismissing appeal for lack of jurisdiction and as duplicative of earlier appeal); *Perez v. United States*, No. 99-3186 (7th Cir. Sept. 2, 1999) (dismissing appeal as duplicative). The Seventh Circuit denied his request for a certificate of appealability in December 1999, and denied his request for habeas corpus relief in October 2000. In November 2000, Perez renewed his attack in the district court by filing a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60 (as well as a supplemental memorandum in July 2002), which is the motion presently pending before this Court.

## ANALYSIS

Perez raises the following six arguments in his Rule 60 motion: (1) he received ineffective assistance of counsel during the preparation of his § 2255 motion because appointed

counsel's supplemental brief addressed in depth only one of the grounds raised in his motion and counsel failed to file a notice of appeal and represent him on appeal; (2) the district court ignored some of his arguments in denying his § 2255 motion; (3) newly discovered evidence in the case requires the Court to re-examine his conviction and sentence; (4) his conviction and sentence were imposed in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000); (5) he was illegally entrapped by the government; and (6) the Court should reconsider his conviction for violating 18 U.S.C. §§ 922(g) and 924(c)(1) in light of recent Seventh Circuit caselaw.

We must resolve a few threshold matters in order to determine whether Perez's motion is properly before us. First, we must determine whether Perez's Rule 60 motion should be deemed a second or successive § 2255 motion. Although Perez styled the present motion as one under Federal Rule of Civil Procedure 60, we are obligated to look beyond the petitioner's designation to determine if it contains issues that were, or could have been, raised in his initial § 2255 motion. *Dunlap v. Litscher*, 301 F.3d 873, 875 (7th Cir. 2002); *Burris v. Parke*, 130 F.3d 782, 783 (7th Cir. 1997). If so, his motion is deemed a second or successive collateral attack, which is subject to the rules and standards governing those filings, rather than the standards controlling Rule 60 motions. *Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002) (holding that "[n]o matter what its caption, a motion is under § 2255 if it falls within the description of § 2255 ¶ 1"). The precise contours of a proper Rule 60 motion in the habeas corpus context is not clear cut, and unfortunately the anticipated Supreme Court clarification of when, if ever, a habeas corpus petitioner legitimately may invoke Rule 60 and avoid having that motion construed as a successive collateral attack has been postponed in light of the Supreme Court's recent dismissal of a grant of certiorari in a case addressing those very issues. *See Abdur'Rahman v. Bell*, 123

S.Ct 594 (2002) (Stevens, J. dissenting).[1] Nevertheless, we are guided by the line drawn by the Seventh Circuit, which holds that where the asserted Rule 60 grounds conflict with the limitations prescribed by AEDPA for successive collateral attacks, we must treat the motion as a successive collateral attack and dispose of it accordingly. *Dunlap*, 301 F.3d at 875-77.

Applying this test to the motion presently before us, we must examine the nature of Perez's claims in his Rule 60 motion. Of his five claims, only the first two potentially could be viewed as attacking his first habeas corpus proceeding, and thus cognizable under Rule 60(b). Even so, we are not convinced that he states a valid Rule 60 claim with respect to these claims. In essence, Perez argues that he was not given a fair shot at relief because his lawyer was inadequate and the district court ignored his arguments. Unfortunately, even if we were to reach the merits of these claims, we would find them to be non-starters. First, Perez cannot claim that the lawyer appointed to assist him in his first § 2255 motion rendered ineffective assistance when he failed to comprehensively brief each issue suggested by Perez. Ineffective assistance of counsel during a collateral attack is not a ground for further collateral relief. *Calderon v. Thompson*, 501 U.S. 722 (1991) (holding there is no constitutional right to an attorney in state post-conviction proceedings and, consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Alexander v. United States*, 121 F.3d 312, 314 (7th Cir. 1997). Nor does counsel's

---

[1] In his dissent, Justice Stevens suggests that the distinction lies in the harm each motion is designed to cure. A Rule 60(b) motion is "designed to cure procedural violations in an earlier proceeding . . . that raise questions about that proceeding's integrity." *Abdur'Rahman*, 123 S.Ct. at 598 (quoting *Mobley v. Head*, 306 F.3d 1096, 1100-1105 (11th Cir. 2002) (Tjoflat, J. dissenting)). A petitioner mounting a successive collateral attack, on the other hand, seeks relief from the underlying criminal conviction or sentence on the basis of new constitutional claims. *Id.*

4

failure to represent Perez on appeal constitute ineffective assistance. "Lawyers on post-conviction matters are not locked in, whether or not they file the notice of appeal." *United States v. Kimberlin*, 898 F.2d 1262, 1264 (7th Cir. 1990); *DiAngelo v. Ill. Dep't of Pub. Aid*, 891 F.2d 1260, 1262 (7th Cir. 1989). Finally, Perez's claim that the district court failed to address each of his § 2255 issues is without merit. We have thoroughly reviewed the district court's opinion denying Perez's first collateral attack, and find no grounds on which Rule 60 relief would stand. Thus, even if we were to parse Perez's motion and address the two claims potentially cognizable under Rule 60 in this context, we would reject them.

Perez's remaining four claims attack his underlying conviction and sentence, and thus are properly characterized as a successive collateral attack, which, as discussed below, we lack jurisdiction to decide on the merits. *See Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). Having determined the bulk, if not all, of Perez's claims are properly characterized as successive, the only remaining question is how to dispose of the motion. Specifically, we must determine whether AEDPA standards apply to his successive § 2255 motion because although his initial § 2255 petition was filed before AEDPA's effective date, the present motion was filed well afterwards. The Seventh Circuit has answered this question in the affirmative by holding that AEDPA applies to all motions filed after its effective date, regardless of whether the initial collateral attack preceded the Act. *See Woodford v. Garceau*, -- U.S. ---, 2003 WL 1477291, *3 (Mar. 25, 2003) (habeas corpus petition filed after AEDPA follows its standards even if certain preliminary motions were filed before its effective date); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000) (if notice of appeal filed after AEDPA's effective date, Act applies even if the original habeas corpus petition was filed in the district court prior to the Act); *Felker v. Turpin*, 518 U.S.

651 (1996) (applying AEDPA to petitioner's successive habeas corpus petition filed after effective date even though first petition was filed before effective date); *In re Davenport,* 147 F.3d 605, 608 (7th Cir. 1998); *Alexander,* 121 F.3d at 314. The motion we have deemed a successive § 2255 motion was filed in November 2000, well after AEDPA's effective date, and therefore, we must apply AEDPA's standards. The Act allows a successive collateral attack to be filed only with the Seventh Circuit's permission. 28 U.S.C. § 2255(b)(3)(A). As noted above, the grounds asserted by Perez fall within the parameters of § 2255; he simply is rearguing claims made in his initial collateral attack or raising new arguments that his conviction and sentence were based on a mistake of law or fact. Because Perez has not obtained the Seventh Circuit's permission to raise these claims anew, we are without jurisdiction to hear them. *See Nunez,* 96 F.3d at 991.

## CONCLUSION

For the foregoing reasons, we dismiss Perez's motion for lack of jurisdiction. (R. 359-1.) We also deny Perez's September 1999 motion seeking discovery under Rule 6 of the Rules Governing Section 2255 Proceedings. (R. 353-1.)

ENTERED:

Judge Rubén Castillo
United States District Court

Date: April 2, 2003